**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No.    2012011633 |
| | ) | |
| KARL OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On this 6th day of May, 2024, upon consideration of Defendant Karl Owens's ("Defendant") *pro se* Motion for Sentence Reduction made pursuant to Superior Court Rule of Criminal Procedure 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.  On January 18, 2024, Defendant pled guilty to Possession of a Firearm by a Person Prohibited (Class C Felony).[2]  On the same day, the Court sentenced him to fifteen years of Level V supervision, suspended after five years for one year of Level III supervision.[3]

2.  On February 9, 2024, Defendant filed the instant Motion, in which he asks the Court to modify his sentence to two years of Level V supervision, followed by two years of Level IV supervision.  Defendant raises three grounds in support of

---

[1] D.I. 24.  Defendant does not specifically cite to Rule 35(b), but he asks the Court to reduce the duration of the Level V portion of his sentence.
[2] D.I. 22.
[3] D.I. 23.

sentence reduction: First, Defendant argues that no evidence was presented to support the *mens rea* of the charged offense. Second, Defendant argues that he received ineffective assistance of counsel because his counsel had no intention to litigate and failed to file any motions. Third, Defendant states that he has a debilitating health condition, a gunshot injury.[4]

3. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[5] If a defendant's motion for sentence reduction satisfies these procedural requirements, the Court has "broad discretion to decide if it should alter its judgment."[6] Defendant's Motion was made less than ninety days after the Court imposed his sentence and is his first motion to reduce that sentence, so it is timely and non-repetitive.

4. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[7] He has failed to satisfy that burden. First, by entering a guilty plea, Defendant agreed that there would be no trial in this

---

[4] D.I. 24. Defendant also lists a fourth ground for relief, violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Defendant lists this ground for relief by name alone, bereft of any facts or arguments in support of sentence reduction. He states that it will be argued "ore tenus," by word of mouth. *Id.* Such a bare statement provides no just cause for sentence reduction. *See State v. Dipasquale*, 2024 WL 1757171, at *1-2 (Del. Super. Apr. 22, 2024).

[5] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

[6] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

[7] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).

case and that he waived the constitutional rights to have a lawyer represent him at a trial, to present evidence in his defense, and to testify on his own behalf. Accordingly, Defendant's argument about the insufficiency of the evidence against him is unavailing. Second, Defendant's ineffective assistance of counsel claim is improperly raised as a Rule 35(b) motion, rather than as a Rule 61 motion. Further, this ineffective assistance claim lacks factual support. Third, Defendant's health condition does not justify a reduction of his sentence.

5. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence reduction. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge